***E-FILED: May 1, 2012*** 

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION,<br><br>　　　　Plaintiff,<br>　v.<br>RITO CHAVEZ; RAQUEL CHAVEZ; SILVIA CALADO; DANNY CHAVEZ; and DOES 1 to 6, inclusive,<br><br>　　　　Defendants. | No. C12-01868 HRL<br><br>**ORDER THAT CASE BE REASSIGNED TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION RE REMAND TO STATE COURT** |

　　　　On April 13, 2012, Ellie Salgado removed this unlawful detainer case from the Santa Cruz County Superior Court. She also filed an Application for Leave to Proceed In Forma Pauperis. This appears to be Salgado's third attempt to remove this action here.[1] Her prior attempts at removal have resulted in remand to the state court. For the reasons stated below, the undersigned recommends that the same be done here.

　　　　A court may dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Moreover, a court has a continuing duty to determine whether it lacks subject matter jurisdiction. FED. R. CIV. P. 12(h).

---

[1] See C11-05129CW *JPMorgan Chase Bank National Association v. Chavez, et al*. and C12-00941JW *JPMorgan Chase Bank National Association v. Chavez, et al*.

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. These removal statutes are strictly construed against removal and place the burden on the defendant to demonstrate that removal was proper. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). A case must be remanded to the state court if it appears at any time before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Salgado fails to show that removal is proper based on any federal substantive law. She says that plaintiff has violated federal law, as well as her civil rights. Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief. Vaden v. Discovery Bank, 129 S. Ct. 1262, 1272 (2009). Defenses and counterclaims asserting a federal question do not satisfy this requirement. Id. Here, plaintiff's complaint presents claims arising only under state law and does not allege any federal claims whatsoever. Allegations in a removal notice or in a response to plaintiff's complaint cannot provide this court with federal question jurisdiction.

Salgado does not assert diversity jurisdiction. In any event, the complaint indicates that the amount demanded does not exceed $10,000; and, an action may not be removed on the basis of diversity "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); see also Spencer v. U.S. Dist. Ct., 393 F.3d 867, 870 (9th Cir. 2004) ("It is thus clear that the presence of a local defendant at the time removal is sought bars removal.").

Because the parties have yet to consent to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a District Judge. The undersigned further RECOMMENDS that the newly assigned judge deny as moot Salgado's Application to Proceed In Forma Pauperis and remand the case to the Santa Cruz County Superior Court.

Pursuant to Federal Rule of Civil Procedure 72(b), any party may serve and file objections to this Report and Recommendation within fourteen days after being served.

SO ORDERED.

Dated: May 1, 2012

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**United States District Court**
For the Northern District of California

1  5:12-cv-01868-HRL Notice has been electronically mailed to:

2  Randall D Naiman     randall@naimanlaw.com

3  5:12-cv-01868-HRL Notice sent by U.S. Mail to:

4  Ellie Salgado
   12330 1st Fork Road
5  Los Gatos, CA 95033

**United States District Court**
For the Northern District of California

4